Fitzgerald v. Hayward et al.

———————◆———————

ALMORE R. FITZGERALD, Respondent, v. JOHN T. K. HAYWARD et al., Appellants.

1. *Evidence — Cost of work — Experts — Opinions of witnesses.* — A witness can only be allowed to detail facts, and not mere opinions not based upon facts. But in estimating the cost of work, etc., he must give the facts, and then may be allowed to state what his estimate is upon the facts detailed.

2. *Practice, civil — Trials — Instructions covering the whole case must meet points on both sides.* — Instructions which cover the whole case ought to be so framed as to meet the points raised by the evidence and pleadings on both sides. A party, therefore, who asks an instruction on the whole case must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary.

3. *Contracts — Damages for work not performed, when recoverable.* — It is only where a party to a contract has been prevented from its performance by the wrongful act of the other that he is entitled to recover damages for profits which he would have realized if he had completed it. A simple breach of contract on the part of the other party would not authorize him to stop work and recover for the unperformed work. It might justify him in abandóning his contract and entitle him to recover for the work already done. To entitle him to such recovery he must be prevented from proceeding with the work by the unauthorized interference of the other party.

4. *Contracts — Time, when of the essence of the contract, must not be ignored by instructions.* — Where the contract for the performance of certain work provided for the use of sufficient force and speed to complete the work by a specified time, and that if such force and speed were not used, and the work was not done in said time, the other party might take possession of said work and complete it, and forfeit the contract—*held*, that time was of the essence of the contract, and in a suit by the contractor for the estimated profits of the unperformed work, instructions which ignored the element of time and placed the right of recovery for such work on the simple fact that defendant entered upon said work and prevented him from performing it, are bad.

5. *Practice, civil — References — Discretionary with court — Construction of statute.* — The whole subject of references is a matter of discretion. The court is not bound in any case to refer. The statute ( Wagn. Stat. 1040–41, §§ 12, 17, 18 ) is not mandatory but directory.

*Appeal from Macon Court of Common Pleas.*

*Carr*, for appellants.

I. The court erred in not appointing a referee and referring this case to him. Where the parties do not agree to have the case referred, the court, upon the application of either, or of its own motion, may direct a reference, where the trial of an issue of fact shall require the examination of a long account on either side ( Gen. Stat. 1865, ch. 169, p. 674, § 18 ; Wagn. Stat. 1041, § 18 ), and " the examination of a long account " was involved in the trial of this case.

II. The court below erred in permitting the witnesses to give their opinions on matters of cost. The very facts upon which the hypothesis was based were disputed ; and when such is the case, it is not proper to ask the opinion of a witness upon a state of facts not admitted. The evidence was of mere speculative opinions, instead of facts within the knowledge of the witnesses. (Kay v. Thompson, 10 Am. Law Reg., N. S., Sept. 1871, p. 594.)

III. The court erred in giving the second instruction at the request of the respondent. The fact whether the respondent had broken the contract and abandoned the work is entirely ignored by this instruction. If the respondent had broken the contract before the appellants took possession, then they had a right to take possession, without let or hindrance. This instruction, then, is erroneous. · It does not embrace the issues as raised by the pleadings and evidence. (Clark v. Hammerle, 27 Mo. 70 ; Sawyer v. Hann. & St. Jo. R. R. Co., 37 Mo.) The fourth instruction is erroneous for the same reason as the second. The sixth instruction is erroneous for the reason that it ignores the issues raised by the pleadings and evidence, viz.: first, whether respondent would have been able, notwithstanding a temporary suspension of the work by the mutiny of his men, or from any other cause, to have completed his contract by the first day of June, 1870 ; second, whether the respondent was prosecuting the work with sufficient force to insure its completion by the first day of June, 1870 ; third, whether respondent was prosecuting said work under said contract to completion with such speed as was required by the appellants ; fourth, whether the respondent's partner, Smith, abandoned said work without the consent of the appellants ; fifth, whether the respondent's agents voluntarily abandoned said work before appellants took possession thereof. (The City of St. Louis v. McDonald, 10 Mo. 609 ; Shannon v. Comstock, 21 Wend. 457.)

IV. The court erred in refusing to give instructions 2, 3, 4 and 8, asked by appellants, for the reasons stated under the foregoing proposition.

The covenants in this contract are independent, and if the respondent violated any one of them, he thereby invoked a forfeiture of his rights under said contract, and in that case it is expressly·provided that the appellants "might enter upon and take possession of the premises without let or hindrance." Treating the covenants in this contract as independent, and the breach of any one of them as forfeiting the rights of the respondent under said contract, the second, third and fourth instructions are based upon such a hypothetical state of facts as to come strictly

within the terms of the respective covenants, and should have been given as asked. This independence of the covenants is entirely ignored by the court below in the instructions given. Moreover, they utterly fail to construe said contract according to the letter and spirit of it, as expressly stipulated in it.

*Williams & Eberman*, for respondent.

I. The court did not err in overruling the motion of the defendants to appoint a referee in said cause. The statute in regard to appointment of referee (Wagn. Stat. 1041, § 18), authorizing the court to refer causes, applies only to cases where accounts, in the common acceptation of that term, may exist and require examination. The case at bar is not of that character. (Thomas v. Reab, 6 Wend. 503 ; Silmser v. Redfield, 19 Wend. 21 ; Martin v. Hall, 26 Mo. 389 ; Daly v. Timon, 47 Mo. 516.) Although it is a case involving long accounts, it is among the class of cases in which issues of fact are triable by a jury. (Daly v. Timon, *supra.*)

II. Fitzgerald, Carlin and Magnus testified as experts, or men acquainted with the matters and things about which they testified, and their opinion in regard to the subject-matter was competent evidence to go to the jury. (Lamoure v. Caryl, 4 Denio, 374 ; Stonam v. Waldo, 17 Mo. 489 ; Vandine v. Burpee, 13 Metc. 288 ; Hoxie v. Allen, 38 N. Y. 175 ; The State v. Klinger, 46 Mo. 224.)

III. The second instruction was good. It declared that " if the jury found from the evidence that defendants, in March, 1870, took possession of the work on sections 22 and 23, and thereby prevented plaintiff from completing said work, he was entitled to recover as damages the difference between the cost of the work remaining to be done at the time defendants took possession, and the price that defendants agreed by the contract read in evidence to pay plaintiff for such work." (Masterton v. The Mayor, etc., 7 Hill, 61, and cases cited ; City of St. Louis v. McDonald, 10 Mo. 609 ; Little v. Mercer, 9 Mo. 218.)

IV. The instructions offered for appellant and refused were not good. Instructions should be predicated on the whole testi-

mony, and when they have a tendency to restrict the considera-tion of the jury to isolated facts, to the exclusion of other facts which are before them in evidence, it is not only a misdirection, but an infringement on the province of the triers of the facts. (Chappell v. Allen, 38 Mo. 213 ; Himes v. McKinney, 3 Mo. 382.) The instructions took from the jury the determination of material facts.

ADAMS, Judge, delivered the opinion of the court.

This action was founded on a special contract entered into between the plaintiff and one Smith, with the defendants, by the terms of which the plaintiff and Smith undertook to do grading on section 22 and the grading and masonry on section 23 of the Hannibal & Central Missouri Railroad, to be commenced imme-diately (November 10, 1869) and prosecuted with sufficient force to insure completion by the first day of June, 1870 ; the work to be done in such manner as should be directed by the engineer in charge of the work, or other agent of the defendants ; to be pros-ecuted to completion with such speed as should be required by the defendants ; the work to be of first class of its kind, to be done to the satisfaction of the engineer. The work, as it progressed, was to be paid for monthly according to certain rates specified in the contract. The payments were to be made on estimates to be made monthly by the engineer, and ten per cent. of the same was to be reserved as security for the completion of the contract; and in case of failure to complete the contract, this reservation to remain as liquidated damages in the hands of the defendants for such non-fulfillment. In making payments, the defendants reserved the right to pay off the hands and workmen of plaintiff and Smith, and deduct same from amount due them. A persistent refusal to comply with the provisions of the agreement was to work a for-feiture of the rights of plaintiff and Smith, and entitle defendants to enter upon and take possession of the premises without let or hindrance, and to re-let the same. The plaintiff bought out Smith's interest in the contract, and took an assignment thereof to himself, and has brought this suit in his own name for an alleged balance due him under the contract for work done and

completed, and also for damages as net profits for the remainder of the work, alleging that he was wrongfully prevented from doing the same by the defendants, who took possession themselves and prevented him from proceeding with the work.

The defendants, by answer, set up the defense that they had fully paid the plaintiff in money, and by paying his hands large amounts for all the work that was done, and that the ten per cent. reserved had been forfeited to them, and deny that they wrongfully prevented the plaintiff from completing the work. They charge that the plaintiff abandoned the work, and did not, although urged by them to do so, proceed with the work with sufficient force to complete it by the first of June, 1870 ; and that, in compliance with the agreement, they took possession with a gang of hands of their own, so as to complete the same in time, etc.

When the case was called for trial the defendants insisted that it should be referred to a referee. The plaintiff wanted a jury trial, and the court refused to refer the case as asked by defendants, and to this ruling the defendants excepted.

Upon the trial before the jury, each party gave evidence tending to prove the issues as raised by each, and some objections were made as to the manner in which the witnesses were allowed to testify, giving their opinions as to estimates of damages on the facts as detailed by them. But it is unnecessary to notice these objections, as we do not think them material. The question of experts does not apply to the facts of this case. A witness can only be allowed to detail facts, and not mere opinions not based upon facts. But in estimating the cost of work, etc., he must give the facts, and may be allowed to state what his estimate is upon the facts detailed.

The jury found a verdict for the plaintiff for $4,375.43.

The only points necessary to consider in this case grow out of the instructions given and refused. At the instance of the plaintiff, and against defendants' objections, the court gave six instructions. The first stated what admissions the pleadings made. The second reads : " If the jury find from the evidence that the defendants, in March, 1870, took possession of the work on sections 22 and 23, and thereby prevented the plaintiff from

completing said work, he is entitled to recover as damages the difference between the cost of the work remaining to be done at the time the defendant took possession, and the price that defendant agreed by the contract read in evidence to pay plaintiff for such work." The third instruction merely lays down a rule for estimating the damages in case the jury should find for plaintiff, and does not seem to be objectionable. The fourth instruction reads : "If the defendants took possession of the work on sections 22 and 23, in March, 1870, and prevented plaintiff from completing said work, they have no right to retain the ten per cent. reserved by them." The fifth instruction asserts that a mere temporary suspension of the work, caused by mutiny among the employees or other troubles, was not an abandonment of the work sufficient to justify the defendants in taking possession of the work and completing it themselves. The sixth merely states that it is admitted by the pleadings that defendants took possession on the 23d of March, 1870.

The defendants asked ten instructions. The first, fifth, sixth, seventh, ninth and tenth were given, and it is therefore unnecessary to set them out. The second, third, fourth and eighth were refused. By the second the jury were told that "if they believe from the evidence that the plaintiff failed or neglected to prosecute the grade and masonry to be done on said sections 22 and 23, with sufficient force to insure its completion by the first day of June, 1870, then plaintiff has broken the contract sued on, and is not entitled to recover on his claim for damages on account of the work remaining to be done on the 21st day of March, 1870, unless they shall further believe from the evidence that defendants, by their wrongful acts, prevented plaintiff from completing said contract." The third instruction asserts that if the defendants, by their agent Eaton, repeatedly requested plaintiff to prosecute the work with such speed as to insure its completion by the first of June, 1870, and plaintiff failed or neglected to do so, then he had broken his contract and is not entitled to recover damages on account of the work remaining to be done, unless the defendants by their wrongful acts prevented him from performing the contract. The fourth instruction recites a long

list of facts which, if found, it requires the jury to find for the defendants. The eighth instruction asserts that the estimate of the engineer in charge of the work remaining to be done is the rule and guide for the jury in making their verdict.

By the terms of the agreement sued on, the time for the completion of the work was of the very essence of the contract. The defendants were original contractors with the railroad company for the building of this road, and had bound themselves to complete it by a specified time; hence it became necessary, in letting out parts of the road, to have the sections so let out finished by a specified day. They reserved to themselves the right to require the work to be prosecuted with sufficient force and speed to effect the desired end; and if there should be a persistent refusal on the part of plaintiff to comply with any of the provisions of the contract, then defendants could enter upon and take possession of the sections without let or hindrance on the part of the plaintiff.

The question whether the plaintiff did not keep sufficient force, and persistently neglected or refused to prosecute the work with the speed necessary to its completion by the contemplated time, so as to entitle the defendants to take possession, was the main point upon which the right of the plaintiff to recover for profits on the unperformed work depended. And yet this point is wholly ignored by the instructions given for the plaintiff. These instructions place the plaintiff's right to recover for unperformed work upon the simple fact that the defendant entered upon and prevented him from performing the work. In ordinary contracts this would have been sufficient, but by the terms of this contract the defendants had the right, in a certain contingency, to make such entry without let or hindrance on the part of plaintiff.

Instructions which cover the whole case ought to be so framed as to meet the points raised by the evidence and pleadings on both sides. "A party, therefore, who asks an instruction on the whole case, must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary." (Clark v. Hammerle, 27 Mo. 70; Sawyer v. Hann. & St. Jo. R.R. Co., 37 Mo. 263.)

It is only where the plaintiff has been prevented from performance by the wrongful acts of the defendant that he is entitled to recover. A simple breach of the contract on the part of defendant, such as non-payment of the monthly dues for work done, would not authorize the plaintiff to stop work and recover for unperformed work. Such a breach might justify him in abandoning the work, and entitle him to recover for the work already done, but for a mere breach of the contract on the part of his adversaries he cannot stop the work and recover for alleged profits on unperformed work. To entitle him to such recovery he must be prevented from proceeding with the work by the unauthorized interference of the other parties. In this case, however, we have seen that the parties were authorized to interfere and take possession when the plaintiff persistently refused or neglected to comply with the provisions of the contract. On these grounds the second and fourth instructions given for the plaintiff were erroneous. I see no objections to the other instructions given for plaintiff. The second and third instructions asked by the defendant, which were refused, should have been given. The fourth instruction on the part of defendant asserts facts which, if found to be true, constituted a total abandonment of the work by plaintiff, and authorized the defendant to enter upon the premises. I cannot see upon what principle this instruction was refused. It was not covered by any instruction that had been given. It seems to me the court erred in refusing this instruction.

The eighth instruction for defendant was properly refused. The estimates of the engineer in charge were to be the guide in reference to performed work, but not in regard to work remaining to be performed, and for which damages were claimed.

The defendants insist that the court was bound to refer their case to a referee, and had no right to submit it to a jury. Section 12, article IX (Wagn. Stat. 1040), provides that "an issue of fact in an action for the recovery of money only, or specific real or personal property, must be tried by a jury, unless a jury trial be waived or reference ordered as hereinafter provided." Section 17 of the same article (Wagn. Stat. 1041) provides that "all or any of the issues of fact in the action may be referred

upon the written consent of the parties." Section 18 of the same article provides that "where the parties do not so consent, the court may, upon the application of either party or on its own motion, direct a reference in the following cases : First, where the trial of an issue of fact shall require the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein ; or, second, where the taking of an account shall be necessary for the information of the court before judgment, or for carrying a judgment or order into effect ; or, third, where a question of fact other than upon the pleadings, shall arise upon motion or otherwise, in any stage of the action."

These are the only sections bearing on the subject of reference. It is plain to my mind that the whole subject of reference is a matter of discretion. The court is not bound in any case to make a reference. The statute is not mandatory but directory, and it rests in the discretion of the court whether, in a proper case falling within the provisions of these sections, it will order a reference. It is unnecessary to discuss whether this case is among that class of cases which the court may on its own motion refer. It is a case for the recovery of money only, and therefore a case that cannot be tried by the court without the consent of both parties. It must be tried by a jury unless the parties waive a jury, or unless the court in its discretion deem it to contain the examination of such long accounts as to require a referee. I see no error in the rulings of the court on this point.

For the errors in regard to the instructions, the judgment will be reversed and the cause remanded. The other judges concur.