A. M. EVANS, Respondent, *v.* ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

*February 10, 1885.*

1. INSTRUCTIONS — EVIDENCE — FALSE TESTIMONY. — An instruction that if the jury believe that any witness has testified falsely to any material fact they may disregard his entire testimony, and which omits the elements of knowledge and willfulness, is erroneous.

2. ——— A good affirmative defence being pleaded and supported by evidence, it is error to instruct the jury that they will find for the plaintiff if they believe the state of facts upon which his action is based, without adding the qualification, unless they believe that such affirmative matter of defence has been proved.

3. ——— PRACTICE. — The error in giving such an instruction is not cured by the giving of a separate correct instruction as to the law governing such defence.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and remanded.*

H. G. HERBEL and BENNETT PIKE, for the appellant.

R. W. GOODE and E. A. B. GARESCHÉ, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff is a locomotive engineer. He sued the defendant, a railroad corporation, for wages alleged to be due to him. The action was instituted before a justice of the peace, where plaintiff obtained judgment by default for $141.62, the whole amount claimed. Upon trial in the cir-

cuit court, it appeared by the testimony that plaintiff was first employed to run a locomotive on mileage terms, and that subsequently on or about December 10, 1881, he was put in charge of a consolidated engine, as he claims on a hiring from month to month, and monthly wages of $115, and as defendant claims on a hiring for an indefinite period at a compensation at the rate of $115 per month. He was discharged without just cause, as he claims, and for just cause, as defendant claims, on the 23d of December, 1881.

The main controversy between the parties was as to whether the contract of hiring was, as plaintiff claimed it to be, or was as defendant claimed it to be.

While the case was pending on appeal in the circuit court, the plaintiff called upon defendant and received from its paymaster $54.60, executing at the time a receipt, of which the following is a copy : —

"St. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY,
      "To A. M. EVANS.                                DR.
            " [St. Louis Division.]
      "For services as engineer under the direction of ———
on St. L. D., as returned on roll record, No. 40, check
No. 245, and registered in the office of the general auditor,
in the month of January, 1882, 17¾ days at $— say doll.
$\frac{}{100}$ per day; amount . . . . . . . . . . . . . $67 35
Less board bill . . . . . . . . . . . . . . . .  12 75
                                               ————————
                "Amount due . . . . . . . . $54 60
      "I certify the above to be a correct transcript from the
roll above named, and that the same remains unpaid.
                        "J. T. K. ————, *Clerk*,
                        "*General Auditor's Office*.
      "Dated 7, 26, 1882.
      "Received of the Missouri Pacific Railway Company the
sum of fifty-four 60-100 dollars ($54.60–100) in full for the
above amount.
                                        "A. M. EVANS.
      "Witness: A. C. BATES."

The signature alone was plaintiff's, the residue of the account and receipt, being prepared by defendant's officer. Plaintiff testified that he did not read the receipt when he signed it, that he told the person who paid him the money that it was not all that was due him, and that he never authorized the deduction of his board bill from his wages.

The fact that plaintiff had executed this receipt appeared in his cross-examination, and before he closed his case, and the defendant thereupon demurred to the evidence.

The court overruled this demurrer, and we think committed no error in doing so. The paper contains no elements of a release, and while evidence as an admission, is not conclusive evidence. On the main controversy, that is, the terms of the hiring, and the cause of plaintiff's discharge, the plaintiff's case was supported by his own testimony alone. That testimony was contradicted by some of defendant's witnesses, but not in direct terms. There was nothing in the testimony of either side which could justify the trial court to assume that any of the witnesses were wilfully disregarding the truth. The plaintiff admitted that he ran his engine faster, on some occasions than the regulations permitted, and also that he was drinking while on duty, but denied that he ever drank to excess, and the testimony of the defendant's witness on these points was not much different from his own. As to the contract of hiring, which was admitted to have been oral, the main controversy was as to whether certain words were used in the conversation. This being the character of the testimony the court among others gave the following instructions to the jury, on behalf of plaintiff, against defendant's objections : —

"2. The court instructs the jury that if they believe from the evidence that any witnesses had testified falsely as to any material fact in this cause then they are at liberty to disregard the whole of the testimony of said witnesses.

"4. The court instructs the jury that if they believe from

the evidence that plaintiff was hired by the defendant as a locomotive engineer by the month, and that defendant agreed to pay plaintiff $115 per month for his services as locomotive engineer, then plaintiff is entitled to recover, and they may find in favor of plaintiff in such sum as they may believe from the evidence to be due him.''

The jury rendered a verdict for plaintiff for $97.51, being the amount as claimed by him, less the $54.60 received and receipted for, and the court entered judgment upon the verdict and overruled defendant's motion for new trial and in arrest of judgment.

The defendant, among other things, now complains of the action of the court in giving plaintiff second and fourth instructions. The form of the second instruction is admitted to be incorrect, but plaintiff contends that it was a harmless error.

Instructions telling the jury that they may disregard the testimony of witnesses should be given with great care and discrimination, and not as a matter of course at the instance of either party, simply because there is some contradiction in the testimony of witnesses. The refusal of the second instruction, even if it would have been correct in form would have been no error under the testimony in this case. *Iron Mountain Bank* v. *Armstrong*, 62 Mo. 74; *White* v. *Maxcy*, 64 Mo. 559. The giving of it, even if correct in form, might have been error (*Batterson* v. *Vogel* 10 Mo. App. 235); while the giving of it in the form in which it was given, omitting the essential elements of wilfulness or knowledge was manifest error. *The State* v. *Elkins*, 63 Mo. 166; *Shenuit* v. *Brueggestradt*, 8 Mo. App. 46. It is not apparent why the instruction was asked at all, and still less apparent why it was given in form condemned by the uniform adjudications in this state.

The fourth instruction is equally objectionable. It purports to cover the entire case and authorizes the jury to find for the plaintiff, if they should find that he was hired by

the month, regardless of defendant's evidence tending to show that he was discharged for cause. This point was ruled on in *Fitzgerald* v. *Hayward* (50 Mo. 523), and *Goetz* v. *Hannibal & St. Joe R. R. Co.* (50 Mo. 472), and it was decided in the latter case that an instruction which in that regard is erroneous, is not helped by an instruction given for the other side supplying the omission. As was said by this court in *The State* v. *Nauert* (2 Mo. App. 298): "A contradiction between two instructions, so far from correcting the evils of either, multiplies them in both."

We are asked to affirm the judgment of the trial court, notwithstanding these errors, because the amount in controversy is small, and the judgment is for the right party, and this justifies us to look into the weight of evidence for the purpose of determining whether its preponderance on part of plaintiff is such, that we are justified to presume that the jury have reached a correct conclusion, notwithstanding the incorrect instructions they received. The suit is one for wages by an employee against his employer, and that employer a railroad corporation. The sympathies, if not the prejudices of the jury would naturally be enlisted for plaintiff. His case rests upon his unsupported testimony. The great risks, which the defendant as a common carrier assumes, would dictate as a measure of ordinary prudence, the reservation of the right to discharge its employees in the carrying trade, for any cause deemed sufficient by itself. This it could not do without loss if it employed them for stated periods. As far as there is any evidence on that subject it would tend to show that if plaintiff's employment was for a stated period it was exceptional, and contrary to defendant's course in employing other servants of the same grade. Plaintiff's testimony, therefore, is opposed not only to the testimony of defendant's witnesses, but to the probabilities arising from surrounding circumstances. This is a sufficient reason why we ought not in this case exercise a power, which courts in all cases ought to exercise

with the greatest care, that is, affirm a judgment regardless of the errors of the trial court, on the sole ground that it is just.

For errors of the court in giving the second and fourth instructions asked by plaintiff, its judgment is reversed, and the cause remanded.

All the judges concur.