ROBERT CLAY, Respondent, *v.* CHICAGO & ALTON RAILROAD COMPANY, Appellant.

### May 5, 1885.

1. PLEADING—NEGLIGENCE.—An allegation that the plaintiff was injured by the defendant's servants negligently propelling the car in which he was against another car with great velocity, thereby throwing down upon him a part of the freight in the said car, is a good allegation of negligence.

2. INSTRUCTIONS—EVIDENCE.—An instruction which singles out certain facts and sums up particular evidence is erroneous.

3.   —— NEGLIGENCE.—An instruction whose effect is to declare that the happening of an accident under given circumstances is conclusive evidence of negligence, is erroneous.

4.   ——An instruction whose effect is to withdraw from the jury the question of contributory negligence in which it is an issue, is erroneous.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Reversed and remanded.*

R. H. KERN, for the appellant.

C. P. & J. D. JOHNSON, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff was employed by persons other than the defendant to unload jointly with others some freight, from one of the defendant's cars in the defendant's freight yard. While so employed a heavy box fell upon him causing him serious injuries.

The petition states that the injury was caused by the defendant's servants, in negligently propelling the car in which the plaintiff was against another car, with great velocity and force, thereby throwing down against and upon the plaintiff certain parts of the freight in said car.

The answer of the defendant contained a general denial, and the following averment of contributory negligence ; " That the injury complained of was caused solely by the plaintiff's negligence, in this that he was advised by the defendant's agents that the car in which he received said injury was to be moved, and was warned by them to leave said car, but declined to do so, and in consequence thereof received the aforesaid injury."

On the trial of the cause the plaintiff offered evidence tending to show that he was employed by the consignees to unload this freight, but that the work of unloading cars was new to him. That he and others engaged in unloading this car had stopped for dinner, the others leaving the car but he remaining inside. That while he was eating his dinner a locomotive was hitched to the car and began to move it. That he heard no warning or notice given before the car was moved, and, when it began

to move, he walked to one end of the car and while standing there was injured seriously, by a heavy box of freight falling upon him. That this freight was thrown against him by a jar, which was caused by this car being thrown against other cars, in switching it, with considerable force.

The defendant offered testimony tending to show that the car was switched with a force of men usually employed on such occasions and was propelled at a moderate rate of speed. That it is customary to warn people who are in the cars to get out of them before they are switched; that this was done in the present instance, although the plaintiff may not have heard the warning; that the injury would have been avoided if the plaintiff had remained where he was eating his dinner. This was substantially all the evidence in the case, besides evidence tending to show the extent of the plaintiff's damages. There was a verdict for the plaintiff.

The defendant assigns as errors: That the petition does not state facts sufficient to constitute a cause of action; that there was no evidence of negligence on the part of the defendant, to support the verdict; and that the court misdirected the jury.

The first of these objections is untenable; the petition would have been held good even on demurrer, and was unquestionably sufficient after verdict.—*Dougherty* v. *Railroad Co.*, 9 Mo. App. 486. Neither are we prepared to say that upon the whole testimony the defendant was entitled to a verdict as a matter of law. There is certainly some evidence tending to show that the plaintiff was not warned to leave the car, as it is customary to warn people similarly situated. This testimony went to the jury without objection, and we believe that the defendant should not be heard to say now that it was not relevant under the pleadings. But we are clearly of the opinion that the judgment must be reversed on account of misdirection of the jury.

The court at plaintiff's instance, among others, gave the following instructions:

"The jurors are instructed that if they believe and find from the evidence, that the defendant's servants, in switching said car, propelled it against another, or other cars, with sufficient force to displace the freight in said first named car, and caused a portion of it to fall upon plaintiff, thereby inflicting upon him the injuries complained of, then they must find a verdict for the plaintiff, provided he was then still lawfully upon the car under the other instruction given."

By a previous instruction given the court had instructed the jury that the plaintiff was lawfully upon the car, and as there was not, and under the testimony could not be, any controversy as to the immediate cause of the displacement of the freight which fell upon the plaintiff, this instruction was a positive direction by the court to the jury to find for plaintiff; thus taking from the jury all other elements of the case.

This instruction covered the whole case and laid down an erroneous principle of law and was necessarily prejudicial to defendant. We have held in a similar case at the last term of court, following former adjudications of the supreme court, that instructions covering the whole case must be so framed as to meet the points raised by the evidence and pleadings on both sides.—*Evans* v. *Railroad Co.*, 16 Mo. App. 522; *Clark* v. *Hammerle*, 27 Mo. 70; *Fitzgerald* v. *Hayward*, 50 Mo. 523; *Goetz* v. *Railroad Co.*, 50 Mo. 474.

The instruction can be supported on the basis of the following propositions only, that defendant's duties, in the premises in this instance, were those of a carrier of passengers; and that the accident, which in that event would furnish *prima facie* evidence of negligence, was conclusive evidence of negligence here. Neither of these propositions is tenable.

In *Scott* v. *Dock Co.* (10 Ins. N. S. 1108), relied upon by defendant, it was said *arguendo* that "where the thing is shown to be under the management of defendant, or his servants, and the accident is such as under any ordinary course of things does not happen, if those who

have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The proposition thus stated has been approved by this court and is correct. In the case now before us, however, the court by its instruction virtually declared that the propelling of one car against another in the manner shown by the testimony, and the consequent displacement of the freight, was not likely to happen in the ordinary course of things, and further declared as a matter of law that defendant's explanation was not satisfactory. This the court could not do. Nor could it, as this instruction clearly does, take from the jury the question of plaintiff's contributory negligence.

For this error the judgment of the court must be reversed and the cause remanded. It is so ordered. All the judges concur.