ROBERT ELLIS, Respondent, v. SAMUEL WAGNER, Appellant.

St. Louis Court of Appeals, February 1, 1887.

INSTRUCTIONS—PRACTICE.—Instructions covering the entire case must be so framed as to place before the jury the evidence on both sides.

APPEAL from the Douglas County Circuit Court, J. R. WOODSIDE, Judge.

*Reversed and remanded.* .

THOS. H. MUSICK, A. J. STEWART, and J. K. REED, for the appellant.

A. C. Rice, for the respondent.

Rombauer, J., delivered the opinion of the court.

This is an action to recover a balance of twenty dollars, claimed to be due, as the residue of the purchase money of certain improvements made by the plaintiff on lands which the defendant desired to homestead. In the trial court the plaintiff recovered judgment.

The agreement was oral, and the controversy between the parties turned on its conditions. The plaintiff's version of the contract was, that he sold to the defendant the improvements for twenty-five dollars. Of this amount the defendant paid five dollars, and agreed to pay the residue as soon as he homesteaded the lands, and that it was further agreed that if the defendant could not get one hundred and sixty acres, lying contiguously and including the improvements sold, subject to homestead entry, the plaintiff would refund to the defendant the five dollars paid. The plaintiff gave evidence tending to show that there were six forty acre tracts lying contiguous to the land the improvements were on.

The defendant's version of the contract was, that the sale was conditioned upon the fact, that he could get one hundred and sixty acres, subject to homestead entry, in a square, including the improvements, and that if he could not do so the five dollars were to be returned to him, and the contract was to be cancelled. He gave testimony tending to show that he could not obtain one hundred and sixty acres in a square, subject to homestead entry, that he thereupon made a homestead entry in a T shape, but upon a survey of it, it was ascertained that one of the forty acre tracts, included in the entry, had been homesteaded before, which compelled him to abandon that entry. He also gave evidence tending to show that no one hundred and sixty acres could be obtained lying contiguous to the land on which the im-

provements were, and that the contract, entry, and cancellation of the entry, were all in the month of March, 1884.

It was admitted that the defendant took possession of the land and the improvements sold, when he thought he had made a valid homestead entry, but upon its cancellation abandoned it.

This being all the testimony the court was asked by the defendant to declare the law as follows:

"The fact that the defendant did make a homestead entry, and commenced work thereon, does not, in law, amount to a confirmation of the contract between the plaintiff and the defendant, provided it further appears that said homestead entry embraced lands already entered, and that, for that reason, the homestead entry of the defendant was cancelled and he abandoned said lands."

This instruction the court refused, and gave the following instruction at the plaintiff's instance:

"The court instructs the jury that, if they find from the evidence that Wagner agreed to pay Ellis for the improvements, in case he homesteaded the land that the improvements were on, and that he did homestead the same, and did not pay the same, according to agreement, they shall find for the plaintiff."

While the defendant's instruction was inartificially drawn in this, that the question was not a confirmation of the contract, but a waiver of some of its conditions, yet it is evidence that the giving of the plaintiff's instruction, without the modification implied in that of the defendant, was prejudicial error. The main object of the contract, whether we take the plaintiff's or the defendant's version of its terms, was to enable the defendant to include the improvements in a homestead entry of one hundred and sixty acres. As the law requires that lands thus homesteaded must be in a contiguous body, and as, if the defendant's testimony is true, that quantity of land could not be thus homesteaded,

including the improvements, the condition upon which the twenty dollars became payable failed. The supreme court and this court have repeatedly held, that instructions covering the whole case must be so framed as to place the testimony on both sides before the jury. *Clark v. Hammerle*, 27 Mo. 70; *Fitzgerald v. Hayward*, 50 Mo. 523; *Clay v. Railroad*, 17 Mo. App. 632.

An ineffectual attempt to make a valid homestead entry, which failed, owing to causes beyond the defendant's control, was not of itself sufficient to make the defendant liable. Under the instruction given for the plaintiff, the jury might well be led to believe that it was.

The judgment is reversed and the cause remanded. All the judges concur.