CHARLES BLITT, Respondent, v. JULIUS HEINRICH, Appellant.

St. Louis Court of Appeals, December 18, 1888.

1. **Instructions: PREPONDERANCE OF EVIDENCE.** There was no error in the refusal of an instruction that, if the evidence was evenly balanced, the verdict should be for the defendant, when the court had already instructed the jury that a preponderance of evidence in the plaintiff's favor was essential to his recovery.

2. **Instructions: FALSUS IN UNO.** An instruction that, if the jury believed that any witness had sworn falsely concerning any material fact, they might disregard the whole or any part of his testimony— omitting the qualification that such false swearing was wilfully or intentionally done—was properly refused.

*Appeal from the St. Louis City Circuit Court.*—HON. 'JAMES A. SEDDON, Judge.

AFFIRMED.

*A. Burgess*, for the appellant.

From the evidence it is certain that some witness swore falsely concerning some material fact in the case, as the testimony for plaintiff and defendant are directly opposed to each other. The instructions offered by the defendant and refused by the court were correct and should have been given.

*Rassieur & Schnurmacher*, for the respondent.

The first instruction was substantially given by the court, of its own motion, in an improved form. Appellant complains because the court, in refusing this instruction, failed to tell the jury that if the evidence was "evenly balanced," they might find for the defendant.

Blitt v. Heinrich.

The court did more. It told the jury to find for defendant unless the plaintiff's evidence "outweighed" that of defendant. The defendant's second instruction was properly refused, because it omitted the element of "wilfully" or "knowingly" swearing to what is false. *Evans v. Railroad*, 16 Mo. App. 522; *Fath v. Hake*, 16 Mo. App. 537; *Smith v. Railroad*, 19 Mo. App. 120; *Bank v. Murdock*, 62 Mo. 70; *State v. Brown*, 64 Mo. 367. Because nothing occurred during the trial to warrant an instruction of this kind, even had it been properly drawn. *Evans v. Railroad, supra; Batterson v. Vogel*, 10 Mo. App. 230; *Bank v. Murdock, supra; White v. Maxey*, 64 Mo. 367.

THOMPSON, J., delivered the opinion of the court.

This was an action to recover the balance due on an account for goods sold and delivered. The facts necessary to support the verdict which the plaintiff recovered were testified to by the plaintiff himself. There were three witnesses for the defendant, whose testimony tended more or less to contradict that of plaintiff.

The court instructed the jury as follows:

"1. The court instructs the jury that, if they believe from the evidence that plaintiff sold and delivered to defendant, at his request, the goods, wares and merchandise mentioned in plaintiff's statement, or any part thereof, then they will find a verdict for the plaintiff for the reasonable value of the merchandise so sold and delivered, less such sums as they may believe that defendant has paid thereon.

"2. The court instructs the jury that the burden of proof is upon the plaintiff in this case to prove his case by a preponderance of evidence. And by the terms, burden of proof and preponderance of evidence, as used in these instructions, the court does not refer to the number of witnesses sworn on either side, but means that, in point of value and credibility, the evidence to

sustain the plaintiff's case must outweigh that for the defendant; and the jury are the sole judges of the credibility of the witnesses and the value to be given to their respective statements and evidence."

The defendant requested the court to instruct the jury as follows, which the court refused to do :

"1.   The court instructs the jury, as a matter of law, that the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of evidence.   If the jury find that the evidence bearing upon plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiff cannot recover, and the jury should find for the defendant.

"2.   The jury are instructed that they are the sole and exclusive judges of the credibility of the witnesses, and if, from the evidence, they believe that any witness has sworn falsely concerning any material fact in the case, they may disregard the whole or any part of said witness' testimony."

Thereafter the jury returned a verdict for the plaintiff, upon which judgment was entered.   From this judgment the defendant appeals, assigning for error the refusal of the court to give the instructions requested by him.

As to the first of these instructions, it is sufficient to say that the principle embodied therein was aptly and sufficiently covered by the second instruction given by the court.   There is no just ground for the contention that this instruction left the jury in ignorance of their duty in case they should find the evidence equally balanced, since the instruction given by the court told them that the evidence needed to sustain the plaintiff's case must *outweigh* that of the defendant.

The other instruction, which was drawn with the purpose of conveying to the jury the caution which is usually expressed in the maxim, *falsus in uno, falsus in omnibus,* was not correctly drawn, in that it told the

jury that, if they believed that any witness had sworn falsely concerning any material fact, they might disregard the whole or any part of his testimony. Such is not the law. In order to warrant the jury in disregarding the whole or a part of the testimony of a witness on this ground, it is necessary that they should believe that he has *wilfully* or *intentionally* sworn falsely to some material fact in issue in the case. *Evans v. Railroad*, 16 Mo. App. 522, and cases there cited. This renders it unnecessary to consider whether the testimony of the plaintiff, against whom this cautionary instruction was leveled, was such as to warrant the court in giving, in proper language, the caution which is sometimes given where there is reason to believe that one or more of the witnesses have committed perjury ; which, to say the least, is extremely doubtful.

The judgment is accordingly affirmed. All the judges concur.