Owen M. Dean, Respondent, v. Henry W. Chandler *et al.*, Appellants.

St. Louis Court of Appeals, March 24, 1891.

1.  **Fraud and Deceit:** RELEVANCY OF EVIDENCE.  An action for damages was brought for deceit, the allegation being that the defendant was the agent for the plaintiff and others for the purchase of a mine ; that he purchased the mine for $5,000 in cash

and $5,000 in stock, but falsely represented to the plaintiff that the purchase price was $15,000 in cash and $5,000 in stock ; and that the plaintiff was thereby induced to pay the defendant his proportion of $15,000 instead of $5,000. *Held* that evidence, that the difference between the last-mentioned two sums had been used by the defendant in the interest of the company for which the mine was bought, was irrelevant.

2. ———: ASSIGNABILITY OF CLAIM. A cause of action for such deceit is assignable.

3. Practice, Trial: PARTIES. If a cause of action is assigned with the agreement that the assignee shall sue thereon in his own name, but pay over the proceeds of the suit to the assignor, the assignee is the trustee of an express trust, and as such may sue in his own name.

4. Remarks of Counsel to Jury. A statement of the law, made by an attorney in his concluding address to the jury, but not contained in any instruction, is not to be commended, and will endanger a verdict in favor of his client. But *held* that a declaration of the law thus made in the case at bar could properly have been made in the form of an instruction, and the judgment would not be reversed on account of it.

5. ———: WEIGHING THE EVIDENCE. An appellate court has nothing to do in actions at law with the weight of the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*James P. Kerr*, for appellant.

(1) In an action on an assigned account a general denial will impose upon the plaintiff the burden of proving both the account and the assignment. *Bond v. Long*, 86 Mo. 266. Moreover, this was an action on the case, and not assignable. (2) The action on the second count is contrary to the statute, which provides: "Every action shall be prosecuted in the name of the real party in interest." R. S. 1889, sec. 1990. A mere agent cannot in his own name prosecute a suit to protect his principal. Bliss on Code Plead. [2 Ed.] sec. 56.

( 3 )   The court erred in excluding testimony tending to show that defendants did not receive or retain any of the money received as the purchase price of the mine ; and also in excluding all evidence tending to show that the plaintiffs suffered no loss or damage by the transaction in question.   Kerr on Fraud [ 2 Ed.] p. 411 ; *Ransom v. Bartley*, 38 N. W. Rep. ( Mich.) 287 ; *Brigham v. Hubbard*, 17 N. E. Rep. ( Ind.) 920 ; *Peck v. Goodberlett*, 16 N. E. Rep. ( N. Y.) 350. ( 4 ) The case should be reversed on account of the language and misconduct of plaintiff's attorney in addressing the jury, and because of the court saying in the hearing of the jury:   " Well, counsel, I believe, have the right to tell the jury what they believe is the law in reference to a point in regard to which no instruction has been asked or given ; " thus in effect orally instructing the jury.   *Bank v. Murdock*, 62 Mo. 70 ; *State v. Young*, 99 Mo. 666 ; *State v. Jackson*, 95 Mo. 623 ; *White v. Maxey*, 64 Mo. 552 ; *Patterson v. Vogle*, 10 Mo. App. 235.   ( 5 )   The verdict is manifestly against the weight and entire current of the testimony, and the court should in such cases grant a new trial.   *Lionberger v. Pohlman*, 16 Mo. App. 527 ; *Borgraefe v. Knights of Honor*, 22 Mo. App. 127.

*A. R. Taylor*, for respondent.

THOMPSON, J.—This was an action for damages for deceit.   The substance of the petition is that the plaintiff and his associates authorized the defendants, as their agents and trustees, to purchase a mine from its owners upon the lowest and best terms ; that, in pursuance of said agency and trusteeship, the defendants purchased the mine from the owners for the sum of $5,000 in cash and $5,000 in stock of a corporation thereafter to be formed to work said mine ; that the defendants, designing and contriving to cheat the plaintiff out of the sum of $333.33, did falsely and fraudulently represent to the

plaintiff that they had purchased the mine from the owners at the price of $15,000 in cash and $5,000 of the stock of the proposed corporation; that the plaintiff, relying solely upon said false and fraudulent representation, was thereby induced to pay over to the defendant the sum of $500 as his proportion of the purchase price of the mine, whereas his proportion of the purchase price was only $166.66, whereby the defendant obtained from the plaintiff, by false and fraudulent pretenses, the sum of $333.33.

A second count of the petition sets up the same cause of action in one Imbs, and alleges an assignment of the cause of action by Imbs to the plaintiff.

The answer was a general denial.

The case went to trial before a jury, and the plaintiff had a verdict and judgment, from which the defendants prosecute this appeal.

I.   The first assignment of error relates to a ruling of the court in refusing to allow the defendants to prove that they used the money, obtained from the plaintiff and from Imbs, wholly in the interest of the company.   The learned judge, in ruling out this testimony, expressed the opinion that the issue was close and sharp, whether they represented that they were buying the mine for $15,000 and caused the plaintiffs and Imbs to pay on that basis, when as a matter of fact they were buying it for $5,000 only.   In this view of the issues we entirely concur.   The evidence offered was totally irrelevant to the issues.   What the defendants did with the money, after they thus obtained it from the plaintiff and from Imbs—whether they used it for their own purposes, or in the interest of the proposed company, or gave it away—was an immaterial question, and the admission of the evidence would have tended to divert the minds of the jury from the real issue.

II.   The next assignment of error arises upon an instruction, requested by the defendants and refused by

the court, to the effect that the plaintiff was not entitled to recover upon the second count. The first proposition in support of this assignment of error is, that the cause of action embraced in the second count is not assignable. The decision of the supreme court in *Snyder v. Railroad*, 86 Mo. 613, in which the subject of the assignability of causes of action is very thoroughly discussed, shows that this position is not well taken. The reasoning of that case shows that every cause of action, which will pass to the personal representative of a decedent, may be assigned by him so as to enable the assignee to bring an action therefor in his own name ; and that every *injury to the estate* of a person is such a cause of action. In that case the court held that a right of action against a railroad company for failing to erect a fence along its road, whereby a hog got upon the railroad track and was killed, was assignable.

Section 1990 of the Revised Statutes of 1889 ( R. S. 1879, sec. 3462 ) provides that : "Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in the next succeeding section ; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." It is plain that the cause of action under consideration did "arise out of contract." A *subscription* to a corporate or other venture is a contract among the several subscribers. This action, as counsel for the defendants argues, is an action by a principal or *cestui que trust*, against his agent or trustee, for misconduct and deceit, whereby the plaintiff has been cheated. Primarily it is, no doubt, an action for deceit —that is, an action founded upon tort ; but this statement shows that it arises out of contract ; namely, out of the contract by which the relation of principal and agent, or of trustee and *cestui que trust*, has been created. A decision of this court, affirmed by the supreme court on the opinion of this court, construing the analogous expression in the statute relating to

set-offs, "arising on contract," supports this view. It was held that the cause of action, accruing to a bank against its cashier for wrongfully permitting an over-draft arises on contract within the meaning of this statute. *St. Louis School Board v. Bank*, 12 Mo. App. 104; s. c., affirmed, 84 Mo. 56. It is clear, then, that the assignment of the cause of action under consideration is not within the prohibition of the statute above quoted, and that the objection to its assignability is untenable.

This leaves little to be said upon the objection that, so far as the second count is concerned, the action is not prosecuted in the name of the real party in interest. The statute above quoted requires actions to be prosecuted in the name of the real party in interest, with the exceptions named in the next section, and one of these exceptions is that an action may be prosecuted in the name of the trustee of an express trust. There was evidence tending to show that the assignment was made upon an agreement that the plaintiff would prosecute the action, and, if successful, that the fruits of it should go to the assignee, Imbs. This made the plaintiff the trustee of an express trust for Imbs, and leaves nothing in this objection.

III. The next assignment of error relates to what took place during the argument of the counsel for the plaintiff to the jury. After argument by the counsel for the defendant to the jury, counsel for the plaintiff, in his concluding argument, used this expression: "You know the doctrine, you have heard it a hundred times in court. Whenever you find a man wilfully swearing to a falsehood, in any material fact at issue, you may disregard every" —. At this point counsel for the defendant interrupted with the remark: "No; there is no instruction to that effect." Counsel for the plaintiff continued: "No; there is no instruction to that effect. I say that is the law; that, whenever you find any witness,—and you are the sole judge on that

question,—whenever you find any witness swearing wil-
fully falsely to any fact material to the issue, you have
liberty to disregard the whole of that testimony.''
Counsel for the defendant objected to the language
thus employed by the counsel for the plaintiff.    To this
objection the court responded :    '' Well, counsel, I
believe, have the right to tell the jury what they believe
is the law in reference to a point, in regard to which no
instruction has been asked or given.''    To which declar-
ation by the court the defendant's counsel then and
there saved an exception.    Counsel for the plaintiff
then continued :    ''Of course, it is a matter of common
sense that, if you find a man wilfully swearing falsely
to any fact material to the issue, would you believe
him ?    How could you believe him ?''    Counsel for the
defendants again excepted to the use of this language.

Section 2188 of the Revised Statutes, 1889, requires
that all instructions on any point of law arising in the
cause shall be given by the court before the case is
argued and submitted to the jury.    The charge of the
court precedes the argument of counsel to the jury,
and hence counsel should be confined, in their argument
from legal premises to the propositions of law embodied
in the court's instructions.    1 Thomp. Trials, sec. 951.
The same section of the statute requires that all instruc-
tions shall be in writing.    Such statutes are mandatory,
and, where such is the law, the giving of oral instruc-
tions by the court constitutes reversible error.    2 Thomp.
Trials, sec. 2375.    It results from this that a statement
of the law by the counsel in the case in their argument
to the jury, outside of the instruction of the court, is
not to be commended in any case ; because even if the
law stated is good law, and meets with the tacit sanction
of the court, it is equivalent to an oral instruction ;
while, if it is bad law and uttered in the hearing and
with the implied sanction of the court, it necessarily
misleads the jury.    Nor, on the other hand, would that
mode of conveying the law to the jury give to appellate

courts that facility for reviewing the trial of causes on questions of law, which is guaranteed by the statute to every litigant.

That the jury may disregard the entire evidence of a witness, who swears wilfully falsely to any material fact of the case, and may be so instructed, has been frequently decided in this state ; but such instructions ought to be carefully guarded in their wording, and should not be given unless the facts of the case clearly warrant it. *Evans v. Railroad*, 16 Mo. App. 522 ; *Blitt v. Heinrich*, 33 Mo. App. 243. The facts of this case would have clearly warranted such an instruction, if asked. While we, therefore, do not feel justified in reversing the cause for these remarks made by counsel during the argument alone, we disapprove of that conduct, and will add that statements of the law by counsel to the jury, wholly outside of the instructions of the court, are in any case made at the peril of endangering a verdict thus obtained.

IV. The next assignment of error relates to the refusal of the court to grant a new trial on the ground of newly discovered evidence. The newly discovered evidence was to the effect that, at a meeting of the board of directors of the corporation which had been formed to work the mine, of which board the plaintiff and his assignor, Imbs, were members, a resolution was offered and adopted, with their assent, declaring that the defendants had no interest in the corporation, and vacating their positions as members of its board of of directors. It was also to the effect that, at another time, they had received notice of an assessment on the stock of the company, whereby they had been led to believe that they were still recognized as stockholders, although no stock had been issued to them or either of them. This evidence was totally immaterial to the issues on trial, and the court committed no error in refusing to grant a new trial in order that such evidence might be submitted to the jury.

V.   The last objection, which we shall notice, is that "the verdict is manifestly against the weight and entire current of the testimony." An appellate court has nothing to do in actions at law with the weight of the testimony.   There was substantial testimony, delivered by several witnesses, in support of the plaintiff's theory of fact.   The fact that there was countervailing evidence, no matter how strong, does not bring the case within the theory of *Lionberger v. Pohlman*, 16 Mo. App. 392, and cases of that character.

The judgment will be affirmed.   All the judges concur.