HENRY DEUCHLER, Appellant, v. THE FARMERS' FIRE INSURANCE COMPANY OF YORK, PENNSYLVANIA, Respondent.

Kansas City Court of Appeals, November 14, 1892.

1. **Practice, Trial:** BURDEN OF PROOF. In this case an instruction telling the jury that the burden of proof was upon the plaintiff, and that it was for him to prove his case by a preponderance of the evidence, and, if the evidence was evenly balanced or preponderated in favor of defendant, the verdict should be for him, is well enough when considered in connection with the other instructions.

2. **Practice, Appellate:** COMPLAINT OF HARMLESS ERROR. The statute in mandatory terms forbids the appellate court to reverse a judgment for errors which do not prejudice the complaining party on the merits; and where the jury finds for the appellant, notwithstanding the alleged errors of which he complains, the errors, if any, were harmless.

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*William Aull*, for appellant.

(1) The court erred in granting instruction 1 for defendant. It is the duty of the court to tell the jury

what are the essential facts to be determined.   *Proctor v. Loomis*, 35 Mo. App. 488; *McGinnis v. Railroad*, 21 Mo. App. 399; *Fleischmann v. Miller*, 38 Mo. App. 177; *Bruemler v. Shenuit*, 15 Mo. App. 192; *Gessley v. Railroad*, 26 Mo. App. 156; *McMurray v. Martin*, 26 Mo. App. 437.   (2)   It is confusing and calculated to mislead the jury.   *Price v. Breckenridge*, 92 Mo. 378; *Paint Co. v. Conlon*, 92 Mo. 22, and authorities, *supra*. It is earnestly insisted by appellant that this instruction confused and misled the jury and procured an abortion of justice in this case.   *Rindskoff v. Rodgers*, 34 Mo. App. 126.

No brief for respondent.

SMITH, P. J.—This was a suit on an insurance policy issued by defendant for $1,000 against loss by fire and lightning upon plaintiff's flour, grain, etc.

The answer was, *first*, a general denial except as to the execution of the policy, which was admitted; *second*, an allegation that when plaintiff made proof of his loss he knowingly, wilfully and fraudulently under his oath made misrepresentations and concealments, and was thereby guilty of false swearing about said property, books and the cause of the fire, etc.; whereby he forfeited all his rights under the terms of the policy, etc.; and, *third*, that the plaintiff had refused to subscribe and make oath to his written examination about his loss, according to the terms of the policy.

The plaintiff filed a motion to strike out these special defenses, which being overruled he replied controverting the truth thereof.   It appears from the bill of exceptions that there was evidence adduced tending to support the allegations of the petition and answer. The court gave for the defendant three instructions, the giving of which is made the chief ground of the plain-

tiff's appeal. The first of which declared to the jury as a matter of law that the burden of proof was upon the plaintiff, and that it was for him to prove his case by a preponderance of the evidence. If the jury found that the evidence in the case was evenly balanced, or that it preponderated in favor of the defendant, the verdict should be for the defendant. The court had, by a series of instructions, which were exceedingly favorable to plaintiff, not only informed the jury as to what facts were admitted by the pleadings, but what essential facts it was necessary for them to find in order to return a verdict for plaintiff. The defendant's first instruction, when considered in connection with those given for the plaintiff, was well enough. The jury could not have been misled in respect to their duty. The defendant's second and third instructions were respectively based upon the theory of the second and third defenses interposed by the answer.

Since the verdict of the jury was for the plaintiff, there was necessarily a finding in the negative on each of the defendant's special defenses. In view of this, it is quite difficult to understand of what it is the plaintiff has to complain. Suppose the court did allow inconsistent defenses to stand in the answer, and did instruct the jury upon the same, how is the plaintiff injured, since the jury found such defenses unsustained by the evidence; or, in other words, since the jury found the plaintiff did not make a false oath in respect to the fire and the loss of his property, and did not refuse to subscribe and make oath to his examination as to the fire and the loss occasioned to him thereby, without reasonable excuse therefor?

The jury by their verdict eliminated all of these elements from the case. The finding of the jury on all the issues was with the plaintiff. He has nothing

whatever to complain of on that account.    Certainly as the jury found for him, they were not misdirected, or if so not to his prejudice.

The statute, in mandatory terms, forbids us to reverse a judgment for errors committed which do not prejudice the complaining party on the merits.    It seems the jury found a less sum for the plaintiff than that named in the policy.    There is nothing in the evidence or instructions to which our attention has been called to overcome the presumption which we must indulge in favor of the correctness of the verdict of the jury as to the amount thereof.    As already intimated, the evidence has not been preserved and presented to us in the record.    We are unable to find anything in the action of the court in the admission or rejection of evidence, or in the evidence as admitted, or in the instructions, or in any other ruling, that affords the plaintiff the slightest grounds for complaint, since the verdict was in his favor.

Perceiving no reversible error in the record, it follows the judgment must be affirmed.    All concur.