R. B. GRANT, Appellant, v. J. W. ROWE, Respondent.

St. Louis Court of Appeals, March 13, 1900.

Instruction: EVIDENCE, PREPONDERANCE OF. An instruction is
incorrect and confusing which tells the jury that if they have a doubt
as to the preponderance of evidence they should "give him (plaintiff)
the benefit of the doubt."

Appeal from the Howell Circuit Court.—*Hon. William N.
Evans,* Judge.

AFFIRMED.

*Orchard & Saye* for appellant.

(1) Instruction number 3 given by the court on the part of the plaintiff was correct and properly declared the law. We find by reference to the authorities that the courts have given similar instructions, that is to say, in the case of Deuchler v. Ins. Co., 51 Mo. App. 154. "That it was for him (plaintiff) to prove his case by a preponderance of evidence and that if the jury found that the evidence in the case was evenly balanced, or that it preponderated in favor of the defendant, the verdict should be for the defendant." Which instruction was by the court approved. In the case of Blitt v. Heinrich, 33 Mo. App. 243, the court approves another instruction, which is instruction number 2 on the part of the plaintiff. The same kind of instruction is approved in Sackett on Instructions [2 Ed.], page 43, at top. (2) The objection to the instruction is in using the words, "If the jury have a doubt as to which side the preponderance is on you should resolve the doubt in favor of the plaintiff in this case." We don't think the language used is any stronger than that used in the instructions approved by this court above referred to. If the jury have a doubt as to the preponderance, is that any stronger than, if the evidence is evenly balanced? We think not. Again, suppose it is; if they have a doubt as to the preponderance of the evidence we think the party having the negative of the proposition should have the benefit of the doubt. We think the trial court should be directed to render up judgment in accordance with the verdict of the jury.

No brief for respondent furnished reporter.

BOND, J.—This is a replevin by the mortgagee of personal property against the mortgagor, who defended on the ground that the note secured by the mortgage and that in-

strument were executed by him when he was incapable of contracting, from the effects of whiskey, which the mortgagee had induced him to drink, in order to procure his signature to the notes and mortgage. There was a trial and verdict for the plaintiff in the circuit court where the case had been taken on an appeal from a justice's court, which was set aside for assumed error in the following instruction given for plaintiff:

"The court instructs the jury that the grounds of replevin are admitted and that the defendant seeks to avoid the execution of the contract on the ground that he was drunk when he signed the notes and mortgage and that it devolves on the defendant to show by a preponderance of the evidence that the defendant, at the time of the execution of the notes and mortgage, was so drunk that he did not know or understand what he was doing, and the court further instructs the jury that a preponderance of the evidence means a greater weight of the evidence and if you have a doubt as to which side the preponderance is on you should resolve the doubt in favor of the plaintiff in this case and give him the benefit of the doubt and find the issues for the plaintiff."

From the order granting a new trial plaintiff appealed.

The objection to the instruction is that, after correctly stating to the jury the burden of proving his affirmative defense rested upon respondent, the court added: "If you have a doubt as to which side the preponderance is on you should resolve the doubt in favor of the plaintiff in this case and give him the benefit of the doubt and find the issues for the plaintiff." If this addition to the instruction was calculated to mislead or confuse the jury, then there was no error in the award of a new trial. It certainly had no necessary place in the instruction, even if it was equivalent, as contended by appellant, to a direction to find for plaintiff if the jury found the evidence relating to the defense of incapacity to contract evenly balanced. For the previous language of

the instruction distinctly and explicitly informed the jury that this defense could not be sustained, unless proven to their satisfaction by evidence which outweighed that adduced against it. Hence, if there was merely an equilibrium of testimony, it would have been the duty of the jury to have found against defendant because his evidence did not outweigh that given for the plaintiff. Blitt v. Heinrich, 33 Mo. App. 243. There is nothing in Deuchler v. Farmers Ins. Co., 51 Mo. App. 154, opposed to this conclusion. That case does not decide that an instruction as to the necessity of a preponderance of the evidence should also contain a direction as to the duty of the jury when it is evenly balanced. All it holds is, that the insertion of a direction as to the effect of balanced testimony is not reversible error where there are other instructions favorable to the party appealing, which specifically informed the jury as to the facts admitted and those to be proven. But we do not think the clause in the instruction under review was only another method of advising the jury as to the finding they should make if the evidence pro and con as to the affirmative defense was evenly balanced. In the clause before us the jury were told to resolve any doubt as to the preponderance of the testimony in favor of plaintiff. This is an essentially different proposition from one stating that there can be no preponderance or outweighing of evidence when it is equally balanced. The truth of the latter proposition is implied in the definition of the word preponderance. The former proposition is not deducible from a definition of the word preponderance; nor is it a corollary from the definition of that term. It refers solely to doubts in the mind of the triers of the fact as to the relative weight of testimony. Equality in the probative force of conflicting testimony is not established by a mere doubt as to such equality. For this may be established to the satisfaction of reasonable minds, notwithstanding some slight doubt on the

subject.   It is not essential to credence of facts, or what is the same thing, that the mind should be satisfied as to their existence, that we should be able to banish all doubts on the subject.   We are conscious of some doubts as to many of our convictions on the most important affairs of life.   The pertinent question is, would not opposite conclusions be obstructed by greater and more insoluble doubts?   If so it would be irrational to accept them.   The mental state which a juror in a civil action should be instructed to endeavor to reach is, not that arrived at when all doubts have been dispelled, but it is that state of reasonable certainty—and hence mental satisfaction—as to his findings which results in the mind of the trier of facts after he has given full consideration to all the relevant evidence and made a free comparison and impartial weighing of all opposing doubts and uncertainties arising from the proof.   In the case at bar, if the jury were satisfied, after such a mode of investigation, that the probative force of the testimony supporting the affirmative defense was no greater than that to the contrary, they should have returned a verdict for the plaintiff.   The court, however, did not stop with this correct direction.   It went further and told them if they had a "doubt" as to the preponderance they should "give him (plaintiff) the benefit of the doubt."   This was incorrect and confusing.   The jury thereunder might well have found for plaintiff if a single doubt—however slight or ill-founded— as to the greater weight of the testimony for defendant, had arisen in their minds during the progress of the trial, although stronger and greater doubts as to an opposite view might have been necessarily engendered in their minds from a consideration of the entire testimony.   We think the learned trial judge committed no error in awarding a new trial for the reasons given by him, and the order to that effect is affirmed. All concur.