WILLIAM MILLER, Appellant, v. JOHN F. MARKS, Respondent.

Kansas City Court of Appeals, January 25, 1886.

1. PRACTICE — INSTRUCTIONS — WHEN OBJECTIONABLE. — Instructions which are a commentary on the evidence, or which unduly direct the attention of the jury to a particular fact, are objectionable as liable to mislead the jury, and should be refused by the trial courts.

2. ———— IDENTITY OF PROPERTY IS FOR THE JURY.—The matter of identity is peculiarly a question for the jury, to be satisfactorily solved by them, from all the facts and circumstances surrounding the transaction and the property. They should be left free in making their own deductions from the evidence. Even in criminal cases, where the identity of persons and property is the material issue, it is held to be an inference from a series of facts, and it is competent for the prosecuting witness to swear to his opinion and conviction as to the identity of the person or thing in question.

B. ———— EVIDENCE—PRESUMPTION OF OWNERSHIP.—*Not conclusiv but disputable.* The presumption of ownership springing from possession, does not belong to the class of conclusive presumptions made by the law which admits of no contradiction; but it belongs rather to the class of disputable presumptions which the plaintiff may rebut by countervailing proof. Possession is *prima facie* evidence of ownership, and the burden of proof is on the one calling it in question to satisfy the jury of *his* ownership by evidence overcoming this presumption from possession.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed and remanded.*

The case and facts are sufficiently stated in the opinion.

SAM. E. McCRACKEN and B. L. WOODSON, for the appellant.

I. Possession is only *prima facie* evidence of ownership, and it was the province of the jury to raise

the presumption arising from the fact of possession, and it was error for the court to tell the jury that the fact of possession being proved, the law presumed the defendant to be the owner of the property in question. 2 Best on Evid. 589, and note; 28 Mo. 388.

II.    There are presumptions of law and of fact, and where a presumption is one of fact the court is not warranted in declaring it to the jury as a presumption of law.    Hilliard on New Trials, 226; *Barrett v. Ham*, 28 Mo. 388; *King v. Pope*, 28 Ala. 601.    The presumption arising from possession is a presumption of *fact*—the fact of ownership.    Ownership is a fact and the ultimate fact to be proved in every possessory action.

III.    The court should not comment on the evidence. It is the province of the jury to draw inferences from the facts in evidence, and the court should not give undue importance to particular facts in evidence by telling the jury that they are authorized to draw certain specified inferences from them.    *Chouquette v. Barada*, 28 Mo. 491; *Rose v. Spies*, 44 Mo. 20.

IV.    Instructions must be founded on facts in evidence.    It is error to instruct upon a state of facts, of which there is no evidence in the case to sustain. Whittelsey's Pract. 382; *Turner v. Loler*, 34 Mo. 461.

V.    The naked possession of personal property for a short time, and exercise of acts of ownership over it, is not evidence of transfer of property, when there is no proof of acquiescence or recognition by former owner, of such possession.    *Thompson v. Haile*, 3 Wend. (N. Y.) 406.

No brief on file for respondent.

Philips, P. J.—This is an action of replevin for the recovery of a lap robe, alleged to be the property of plaintiff.    The evidence of plaintiff tended to show that the robe was his property, and was taken from him by some one without his consent.    He found the defendant with it in his buggy.    The defendant claimed to have

bought it of some person, but the party from whom he thus claimed to have received it was not produced as a witness, nor could he be found or identified. The evidence tended to show that the robe is what is commonly known as an afghan, knit by hand, and that such robes are quite common and much alike in general appearance, and, consequently, somewhat difficult of identification.

On this state of the proofs the court gave, among others, the following instructions to the jury on behalf of the defendant:

"2. If the jury find from the evidence that the robe in question was, at the time of bringing this suit, in the possession of defendant, then the presumption of law is that the same belonged to the defendant."

"3. The jury is instructed that before the plaintiff can recover in this case he must prove, by a preponderance of evidence, that he is the owner and entitled to the immediate and exclusive possession of the identical robe described in the statement; and that it will not be sufficient for him to show that he is the owner or entitled to the possession of a robe of like description and value as that set out in his statement, but that it must be such as can be distingnished and separated from all others."

The jury returned a verdict in favor of defendant, and from the judgment rendered thereon, the plaintiff prosecutes this appeal.

I. A reversal of this judgment is sought principally on the ground of error committed by the trial court in giving the instructions above copied. Instruction numbered three is faulty in the extreme. It is obnoxious to the objection of being a commentary on the evidence, and unduly directing the attention of the jury to the particular fact of difficulty in identifying the plaintiff's robe. This character of instruction has been repeatedly disapproved by the supreme and appellate courts.

The matter of identity is peculiarly a question for the jury, to be satisfactorily solved by them from all the facts and circumstances surrounding the transaction

and the property. They should be left free in making their own deductions from the evidence, uninfluenced by any suggestions from the bench about robes of "like description and value."

This instruction is especially vicious in advising the jury that before plaintiff could recover, his proof must show that the robe claimed "must be such as can be distinguished and separated from all others." This language is susceptible, to the mind of any average juror, of the construction, that because the plaintiff's robe was so like some other person's in "description and value," that when side by side they were not distinguishable by comparison, therefore, he could not recover his own property, notwithstanding the plaintiff might swear positively to his robe, and the jury be persuaded, to a moral certainty, that plaintiff spoke truth.

The owner of certain personal property may from association and familiarity, as if from a hidden instinct of perception, detect and recognize his property, and be immovably fixed in the conviction as to its identity, and yet be unable to point out to the jury what that particular distinguishing thing is that enables him to swear to it.

The similarity of other robes to the one in contest, while a legitimate matter of comment by counsel in argument before the jury, and a proper subject for their consideration, yet it was not the province of the court to declare what particular element of distinction should enable the plaintiff or jury to identify the robe in dispute.

The plaintiff did swear to this robe. Whether he was contradicted, or mistaken, or false, were matters for the jury. Even in criminal cases, where the identity of persons and property is the material issue, it is held to be an inference to be drawn from a series of facts. Whart. Crim. Evid., sects. 13–27. As observed by Sherwood, J., in *State v. Babb* (76 Mo. 504): "To a certain extent it rests on the opinion or judgment of the witness. For instance, if prior to the trial in which he is summoned,

he sees a person or thing bearing a resemblance more or less striking to the person or thing with which he is familiar, from that knowledge and resemblance, he is enabled to say, with more or less positiveness, that the person or thing seen by him is identical with the person or thing in question." So the court held that it was competent for the prosecuting witness to swear to his opinion and conviction as to the identity of the stolen goods in question.

And in *Commonwealth v. Cunningham* (104 Mass. 545), quoted approvingly by Sherwood, J., *supra*, a conviction was sustained as to the identity of the prisoner, although no witness swore directly to the fact, but to the resemblance. The court say: "Upon this question of identity the evidence offered was all of it competent and proper for the consideration of the jury. It is impossible to say that it had no tendency to convict the defendant. Its sufficiency was to be estimated and weighed exclusively by them.

II. As the case is to be reversed on account of the error contained in giving said instruction number three, it would be as well for the court, in the event of a second trial, to reform the second instruction given on behalf of defendant. Without entering upon any discussion as to whether the presumption of ownership, springing from defendant's possession of the robe, be one of law or fact, it is enough to say that it does not belong to the class of conclusive presumptions made by the law which admits of no contradiction, but it belongs rather to the class of disputable presumptions which the plaintiff may rebut by countervailing proof. It would avoid any reasonable misconception by the jury as to the import of the words, "the presumption of law is that the robe belonged to the defendant," if the court would advise the jury that the fact that defendant was found in possession of the robe is *prima facie* evidence of his ownership, and the burden of proof rests upon the plaintiff to overcome this presumption by evidence

satisfying the mind · of the jury that he is the owner
thereof.

The judgment is reversed and the cause remanded.
All concur.