Steinwender v. Creath.

HERMAN A. STEINWENDER *et al.*, Appellants, v. CHARLES E. CREATH, Respondent.

### St. Louis Court of Appeals, April 7, 1891.

1. **Instructions:** BURDEN OF PROOF. It is not error to instruct the jury which of the parties has the burden of proof, without explanation of the meaning of this phrase.

2. ———: COMMENTS ON EVIDENCE. It is not proper to draw an instruction in the form of a declaration, that certain evidence is or is not proof of a certain fact in issue in the cause. *Held*, accordingly, in a suit by attachment, that an instruction was improper, which declared that a contemplated sale or offer to sell was in itself no proof that the defendant was about fraudulently to convey or dispose of his property ; but whether such an instruction alone would have warranted a reversal of a judgment in favor of the defendant is not determined.

3. ———: FRAUD. It is not error, in an action involving an issue of fraud, to instruct the jury that "fraud will never be presumed, when the facts and circumstances surrounding the alleged fraud consist as well with honesty and fair dealing as with an intention to defraud."

4. **Sales:** RIGHT OF AN UNPAID VENDOR TO RECLAIM GOODS. When goods have been sold on a credit and delivered, the vendor is not, by reason of the non-payment of the price thereof, entitled to reclaim them from an attaching creditor of the vendee.

5. **Practice, Appellate:** PRESUMPTIONS. Before an appellate court can hold error in an instruction non-prejudicial, it must clearly appear to it that the instruction had no tendency to mislead the jury.

6. **Instructions:** COMMENT ON EVIDENCE. It is error by an instruction to single out a particular fact or circumstance, not in itself controlling, and to make the whole case turn upon it. Whenever the law draws a particular conclusion from a fact or collection of facts, an instruction to that effect is proper ; but this rule will not warrant an instruction to the jury, as to what conclusion of fact may be drawn from other facts. An instruction in the case at bar is *held* erroneous under this principle.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. MAURICE CRAMER, Judge.

Steinwender v. Creath.

REVERSED AND REMANDED.

*Rassieur & Schnurmacher*, for appellants.

(1) The defendant's first instruction is erroneous in directing the jury that "the burden of proof in this cause is on the plaintiff," without any explanation whatever as to the meaning of this technical expression. Such expressions should, if possible, be avoided in instructions to laymen, whose minds are apt to be confused rather than enlightened by them; when used, their meaning should be explained in ordinary language. *Chappel v. Allen*, 38 Mo. 213; *Clarke v. Kitchen*, 52 Mo. 316; *Hill v. Scott*, 38 Mo. App. 370; 2 Thomp. Trials, sec. 2327. (2) The second instruction improperly commented on a particular fact in evidence. It practically told the jury that the sale contemplated by defendant, and referred to in the evidence, was not a fraudulent effort on his part to dispose of his property, although there was evidence that he wanted to make a secret sale and leave the town. Whether the defendant made the effort to sell for an honest or dishonest purpose, was for the jury to say, not for the court. To single out particular facts and instruct the jury as to the weight or effect to be given them is erroneous. *Clay v. Railroad*, 17 Mo. App. 629; *Hackmann v. Maguire*, 20 Mo. App. 286; *Shaffner v. Leahy*, 21 Mo. App. 110; *Weil v. Schwartz*, 21 Mo. App. 372. Even though the comment is, in itself, correct. *Jones v. Jones*, 57 Mo. 138; *Miller v. Marks*, 20 Mo. App. 369. (3) The third instruction, that "fraud will never be presumed, when the facts and circumstances surrounding the alleged fraud consist as well with honesty and fair dealing, as with the intention to defraud," is condemned by *State to use v. Estel*, 6 Mo. App. 6. (4) The fourth instruction given for the defendant was erroneous. *Straus v. Rothan*, 102 Mo. 261.

*R. L. Wilson* and *Frank E. Burrough*, for respondent.

(1) Appellants' first assignment in their brief is not well taken. The use of the words "burden of proof" has been approved. *Milling Co. v. Walsh*, 37 Mo. App. 567; *Steinkamper v. McManus*, 26 Mo. App. 51, 56; *Berry v. Wilson*, 64 Mo. 164; *Nicholson v. Golden*, 27 Mo. App. 132. (2) Appellants' criticisms of defendant's second instruction are equally untenable. It does not single out a particular fact, nor remove the question of defendant's intent from the jury. It said an offer to sell is of itself no proof of fraud, and left the jury to find that fact from other evidence, which is the law. Similar instructions were given and approved in *Nicholson v. Golden*, 27 Mo. App. 132; *Zimmerman v. Railroad*, 71 Mo. 476. Besides, defendant's intent was submitted to the jury in instruction, numbered 1, for defendant and also for plaintiff, and, therefore, cured the defect, if any (*Dougherty v. Railroad*, 97 Mo. 647; *La Riviere v. La Riviere*, 97 Mo. 80) and the instructions must be taken and construed as a whole, and omissions in one may be supplied by others. *Wallick v. Morgan*, 39 Mo. App. 469; *Railroad v. Schoennen*, 37 Mo. App. 612; *Railroad v. Vivian*, 33 Mo. App. 583; *Reilly v. Railroad*, 94 Mo. 600; *Barry v. Railroad*, 98 Mo. 62; *Blaydes v. Adams*, 35 Mo. App. 526. (3) Defendant's third instruction was properly given. *Martin v. Fox*, 40 Mo. App. 664; *Deering v. Collins*, 38 Mo. App. 73; *Weinstein v. Reid*, 25 Mo. App. 41; *Webb v. Darby*, 94 Mo. 621; *Chapman v. McIlwrath*, 77 Mo. 38; *Henderson v. Henderson*, 55 Mo. 528; *Rumbolds v. Parr*, 51 Mo. 592.

THOMPSON, J.—This is an appeal from a finding and judgment in favor of the defendant upon the issue raised by a plea in abatement in a suit by attachment.

The grounds of the attachment, as laid in the affidavit, were, that the defendant was about fraudulently to convey or assign his property or effects, so as to hinder and delay his creditors ; and that he was about fraudulently to conceal, remove or dispose of his property or effects, so as to hinder and delay his creditors.

On the trial of the issue raised by the plea in abatement, the plaintiffs gave evidence tending to show that, on the day when the attachment was sued out, the defendant had threatened to dispose of his stock of goods, which consisted in the main of goods which had been purchased from the plaintiffs and which were not paid for ; and that, in referring to his desire to sell out, he impressed it upon the witness of the plaintiffs that he wanted the matter kept a secret. Another witness for the plaintiffs testified that, a day or two before the levy of the attachment, the defendant had tried to sell out to him ; that he had told him that he had some bills to pay ; that he was in trouble, and wanted to get out of town ; but that he did not say that he wanted to pay his debts. The defendant, on the other hand, gave evidence tending to show that, before the levy of the attachment, he had offered to return to the agent of the plaintiffs the goods purchased from them, which were not already sold, and that he had also offered to pay the balance of their account in cash. He also gave evidence tending to show that the sale contemplated by him was meant to be made in good faith. On the contrary, the plaintiffs' agent, testifying as a witness, denied that the defendant had offered to return any goods to the plaintiffs, or to pay any part of the plaintiffs' account in money.

The court at the request of the plaintiffs instructed the jury, in substance, that if, from the evidence, they should believe that, at the time when the attachment was sued out, the defendant was about fraudulently to convey or assign his property or effects so as to hinder or delay his creditors, or was about fraudulently to

conceal, remove or dispose of his property or effects so as to hinder or delay his creditors, then they should find the issue for the plaintiffs. The court also instructed the jury that fraud need not be proved by direct or positive evidence, but might be inferred from all the facts and surrounding circumstances, indicating a design to hinder or delay creditors.

The only errors assigned by the plaintiffs relate to the action of the trial court in giving four instructions at the request of the defendant. The first of these instructions need not be set out, because the only part of it which is challenged is the following clause : " The burden of proof in this cause is on the plaintiffs." It is not denied that this states correctly the law, but it is contended that an instruction as to the burden of proof without further explanation tends to mislead the jury. It has never been held error in this state, so far as we are aware, to give an instruction to the jury which informs them upon which party the law casts the burden of proof, without further explanation of that term, and the giving of such instructions is the constant practice. Numerous decisions in this state hold that the giving of an instruction as to the " preponderance of evidence," without explaining to the jury the meaning of that term, is not the best practice; but the same decisions hold that the giving of such an instruction is not reversible error. *Anchor Milling Co. v. Walsh*, 37 Mo. App. 567 ; *Hill v. Scott*, 38 Mo. App. 370. In *Berry v. Wilson*, 64 Mo. 164, the supreme court ( qualifying *Clark v. Kitchen*, 52 Mo. 316 ) held that the giving of the following instruction was not erroneous : " The court instructs the jury that the burden of proof is upon the plaintiff, and unless he satisfies the jury, by the preponderance of testimony, that he is the owner of the steer in controversy, you will find the issue for defendant." We, therefore, overrule this assignment of error.

Steinwender v. Creath.

The next instruction given for the defendant, of which the plaintiff complains, was as follows: "2. You are further instructed that any contemplated sale, or offer to sell, on the part of defendant, is of itself no proof that the defendant was about fraudulently to convey, dispose of or assign his property, and, unless you find from other evidence in this cause that he was about fraudulently so to do, you must find for the defendant."

This instruction is objectionable in form, though perhaps not so in substance. Under our system of jury trials it is not the proper practice to draw instructions in the form of telling the jury that certain evidence is or is not proof of a certain ultimate fact in the case. Such instructions have the effect of putting an argument to the jury, through the court, in behalf of the party who submits and obtains the instruction. They are open to the objection, which has often been urged and allowed in this state, against argumentative instructions. It is, of course, the law in this state, and it is proper to so instruct the jury in a proper state of the evidence, that a failing debtor may sell his goods for honest purposes, although they have not been paid for, apprising them at the same time that the law does not allow him to do this for the mere purpose of converting his goods into money and secreting it or keeping it from his creditors,—in other words, for the purpose of hindering, delaying or defrauding his creditors. Whether the giving of this instruction, if it were the only error in the case, would warrant us in reversing the judgment, we need not consider, because we are of opinion that it must be reversed for the giving of another instruction.

We pass in the order of the number of the instructions to the next one, given at the request of the defendant, to which objection is taken by the plaintiffs. It is as follows: "3. The court instructs you that fraud will never be presumed, when the facts and circumstances surrounding the alleged fraud consist as well

with honesty and fair dealing as with the intention to defraud."

The giving of an instruction, in substantially this language, was held erroneous by this court in *State to use v. Estel*, 6 Mo. App. 6. But in the subsequent case of *Weinstein v. Reid*, 25 Mo. App. 41, this court held that it was not error to give an instruction embodying in substance the same principle. The court there qualified its observations by saying that it would have been better, as suggested by SHERWOOD, J., in *Burgert v. Borchert*, 59 Mo. 80, if the instruction had gone further and had informed the jury that the requisite proof of fraud need not be of a direct or positive character, but that the conclusion of fraud might be gathered from the surrounding circumstances, indicating a design to hinder, delay or defraud creditors. But, in the case before us, such a qualification was given in an instruction given at the request of the plaintiffs.

The instruction upon which we are commenting embodies a principle, upon which judges constantly act in dealing with questions of fraud as chancellors. In dealing in this way with such a question, the supreme court, speaking through Judge NAPTON, have said: "To justify us in transferring this title to the plaintiff, the proof of fraud ought certainly to be perfectly satisfactory. The circumstances in evidence ought to be such, as could leave no reasonable doubt upon an impartial mind. The case ought not to be one where half a dozen men would come to one conclusion, and another half dozen to the opposite. It ought to be clear. * * * We have acted on the principle of giving the defendants the benefit of a construction favorable to the honesty of the transactions, when that construction would as well consist with the circumstances as a contrary one, and that, where doubts are entertained as to the true construction to be given to the conduct of the parties, those doubts should be resolved in favor of the defendant." *Dallam v.*

*Renshaw,* 26 Mo. 533, 544. In *Chapman v. McIlwrath,* 77 Mo. 38, 44, it was said to be "well settled in this state that, where a transaction is as well compatible with honesty as dishonesty, that it shall be presumed to be the former and not the latter," citing *Dallam v. Renshaw, supra.* In *Webb v. Darby,* 94 Mo. 621, 629, the supreme court, as in the two cases last cited, again dealt with the question of fraud as chancellors. In concluding the opinion of the court Judge NAPTON said : "The burden of establishing fraud in the transaction, which plaintiff impeaches in his petition, was upon him ; and this burden he has not discharged ; and, in reaching our conclusion, we have acted on the principle of giving defendants the benefit of a construction of the evidence favorable to the honesty of the transaction, as such construction as well consists with the honesty of the transaction as a contrary one, and that, when doubt exists as to the construction to be given to the conduct of the parties, such doubts should be resolved in favor of defendants," citing the two preceding cases, and, also, *Page v. Dixon,* 59 Mo. 43. The same principle was reaffirmed and applied in a case, where the court dealt with the evidence as chancellors, in *Rumbolds v. Parr,* 51 Mo. 592. See, also, *Henderson v. Henderson,* 55 Mo. 534, 555 ; *Deering v. Collins,* 38 Mo. App. 73. The principle thus stated has been so often and so constantly repeated and applied, and with such uniformity, that it may be regarded as a fundamental principle in the law of evidence. It would seem to have been inherited by the English chancery system from the civil law, where it is found expressed in the following maxim : "*Odiosa et inhonesta non sunt in lege præsumanda, et in facto quod in se habet et bonum, et malum, magis de bono, quam de malo, præsumandum est.*" See *Norton v. Kearney,* 10 Wis. 443, 451.

A court would naturally hesitate before deciding that it is error to advise a jury of a rule of evidence,

which is constantly acted upon by chancellors in deal-
ing with the question of fraud. We have not found
any judicial opinion, with the exception of *State v.
Estel, supra,* to the effect that, where a jury is called
upon to deal with the issue of fraud in fact, it is error
to explain this principle to them. On the contrary, we
find that the supreme court of Nebraska has approved
the following instruction: "The court instructs the
jury that fraud is never presumed, but must be clearly
proven to entitle a party to relief on the ground that it
has been fraudulent, and the presumption of law is,
that business transactions of every man are done in good
faith, and for an honest purpose, and anyone, who
alleges that such acts are done in bad faith or for a dis-
honest purpose takes upon himself the burden of show-
ing by specific acts and circumstances, tending to prove
fraud, that such acts were done in bad faith." *Ahlman
v. Meyer,* 19 Neb. 66. In *Martin v. Fox,* 40 Mo. App.,
at page 668, we ourselves approved an instruction, in a
case involving the issue of fraud, which contained the
following clause: "And the jury are further instructed
that, if all the circumstances in evidence in the case
can be as well consistent with the good faith as with
the dishonesty of Farmer's intention, you must find
for the interpleader Farmer." In approving this
instruction we said (p. 670): "It is a fundamental
principle that fraud is not presumed, but that honesty
and good faith are presumed, and that the burden of
proving fraud is on the party alleging it." We, there-
fore, hold this a good instruction, and overrule this
assignment of error.

The next assignment of error relates to the giving,
at the request of the defendant, the following instruc-
tion: "4. The court instructs the jury that goods sold
and delivered are always liable for the purchase price
as against everybody but an innocent purchaser thereof
for value, and can be taken by the seller even in the
hands of any other creditor who may have attached the

same; and in this case, if you believe from the evidence that Creath offered Huels, the plaintiffs' agent, the goods bought from him and them, and a sum in cash sufficient to pay for any stuff Creath may have sold, then Huels, for plaintiffs, had a perfect legal right to accept the same in discharge of plaintiffs' debt, and neither the Nelson Distilling Company, nor any other creditor, could have successfully assailed that transaction, if made; and the fact, if it is a fact, that the Nelson Distilling Company, by its attorney, Green, threatened to attach if Creath attempted by any means to dispose of his property, is no legal reason for plaintiffs issuing an attachment in this cause.''

We are of opinion that the giving of this instruction was reversible error for several reasons. In the first place, it embodies the proposition that the vendor of goods, the purchase price of which has not been paid, can reclaim them, even as against an attaching creditor. This principle may well have been regarded as the law of this state at the time when this trial took place; and, for the purpose of having the question finally settled, we certified to the supreme court the case of *Straus v. Rothan*, 41 Mo. App. 602. That court has now decided, 102 Mo. 261, that, where goods are procured by a vendee on credit through fraud, and they are subsequently attached by *his* creditor, the vendor cannot reclaim them as against the attaching creditor by his subsequent attachment, and has no priority over the attaching creditor. This instruction, therefore, injected into the case, and placed before the jury for their consideration, a proposition of law which, unsettled at the time this case was tried, has been since decided the other way by the supreme court.

But it is argued that the proposition should be treated as an abstract proposition of law; that the giving of it to the jury had not a tendency to influence their minds one way or the other; and, therefore, that the giving of it should not be held reversible error. In

reply to this we must observe, as we have had occasion to observe in other cases, that jurors reason so imperfectly, that, where they are erroneously instructed, it ought to appear clear to a reviewing court that the error had no tendency to mislead them.

As to the remaining portion of the instruction, we deem it sufficient to say that its language is grossly objectionable, as being an argument to the jury and a comment upon the evidence. The last clause of it, which tells the jury that the fact, if it is a fact, that the Nelson Distilling Company, by its attorney Green, threatened to attach if Creath ( the defendant ) attempted by any means to dispose of his property, is no legal reason for plaintiffs' issuing an attachment in this cause, is further objectionable, as singling out a particular fact and giving to the jury a controlling instruction upon that fact, when the fact itself is not decisive of the question which the jury have so considered. The supreme court and this court have so often held that instructions covering the whole case must be so framed as to meet the points raised by the pleadings and evidence on both sides, and that it is error to single out a particular fact or circumstance, not in itself controlling, and to make the decision of the whole case turn upon it, that it seems scarcely necessary to cite the decisions. *Clay v. Railroad*, 17 Mo. App. 629 ; *Miller v. Marks*, 20 Mo. App. 369 ; *Shaffner v. Leahy*, 21 Mo. App. 110 ; *Weil v. Schwartz*, 21 Mo. App. 372. Instructions of this kind are unfair to the opposite party for the further reason, that they have a tendency to magnify certain facts in the minds of the jurors, instead of leaving their minds free to balance all the evidence submitted to them by the respective parties. This doctrine is not opposed to the statement of doctrine in *Zimmerman v. Railroad*, 71 Mo. 476, 491, where the court say: "It is for the jury to find the facts, but it is the province and duty of the court to declare whether, or not, facts which there is evidence tending to prove constitute

negligence. Instructions of that character are far more satisfactory guides to the jury than those which deal in vague generalities, such as those given by the court of its own motion." This principle was repeated by the Kansas City Court of Appeals in *Nicholson v. Golden*, 27 Mo. App. 154. The meaning of the principle thus stated is this, and nothing more: That, wherever the law ascribes a particular conclusion to a fact or a collection of facts, the court may advise the jury that, if they find that fact or that collection of facts to exist, they should draw that conclusion. That principle does not warrant the judge in telling the jury what conclusions of fact they may draw from some other fact or collection of facts ; for, under our system of jury trials, it is the province of the jury, and not that of the judge, to draw conclusions of fact. A just application of this principle does not warrant a court in instructing the jury to single out a particular circumstance, and telling the jury that this circumstance is no legal reason for doing what the plaintiff has done,—thus deflecting their minds from the real issue in the case.

The judgment will be reversed, and the cause remanded. All the judges concur.