THE NELSON DISTILLING COMPANY, Appellant, v. CHARLES E. CREATH, Respondent.

St. Louis Court of Appeals, May 5, 1891.

Fraudulent Conveyances: INSTRUCTIONS. An instruction to the jury that an insolvent debtor may lawfully prefer one creditor over the others is erroneous, if the jury are not further told that the preference must have been made solely for the purpose of paying an honest debt, and not with the intention of hindering, delaying or defrauding other creditors. This qualification need not, however, be stated in the same instruction with the general rule, but may be stated separately, it being sufficient if all the instructions, taken together, properly declare the law.

*Appeal from the Cape Girardeau Court of Common Pleas.*—HON. MAURICE CRAMER, Judge.

REVERSED AND REMANDED.

*Green & Davis* and *Henry B. Davis*, for appellant.

*R. L. Wilson* and *Frank E. Burrough*, for respondent.

BIGGS, J.—This is an action on an account, with an attachment in aid.   The grounds of the attachment were that the defendant was about fraudulently to convey or assign his property, or was about to conceal, remove or dispose of it, with the intention of hindering, delaying or defrauding his creditors.   The truth of the alleged causes for the attachment were put in issue by defendant's plea in abatement.   The issues thus raised were submitted to a jury, and the trial resulted in a verdict for the defendant.   The plaintiff has appealed.

The record in this case presents substantially the same facts found in the case of Steinwender against this defendant, decided by us at the present term.   44 Mo. App. 356.   The opinion in that case contains a statement of the evidence, which renders it unnecessary to restate it in this opinion.

On this appeal, the plaintiff assigns for error the admission of incompetent evidence, and it also complains of the third and fifth instructions, given by the court at the instance of the defendant.

The instructions complained of are as follows: "3.   The court further instructs you that any debtor has a perfect right to prefer any creditor, either by sale, mortgage, lien or otherwise ; and any attempt on the part of defendant Creath, if made to prefer one creditor to another, is no fraud upon the rights of any other creditor, and will not support an attachment."

"5.   You are further instructed that, if defendant Creath was, at the time of issuing the attachment herein, indebted to the firm of Steinwender and Sellner, and he was approached by said firm, through its agent, Guels, for payment, and, to satisfy said indebtedness, this defendant offered them the goods he had bought from them in satisfaction of that indebtedness, then said firm

had the legal right to take said goods for said purpose, free from the claim of any other creditor who had attached, or might have attached, the same. And said offer, if made, or said transaction, if effected, constituted no fraud upon the rights of this plaintiff, and will not support an attachment."

In the third instruction, the principle that a failing debtor may lawfully prefer one creditor, to the exclusion of all others, was attempted to be stated, but an important and necessary ingredient was omitted, i. e., that the preference must have been made solely for the purpose of paying an honest debt, and not with the intention of hindering, delaying or defrauding other creditors. This omission made the instruction quite objectionable, and, if there were no other instructions, it would be reversible error. In other instructions, on both sides, the jurors were fully directed that any sale made by the defendant, with the intention to hinder, delay or defraud his creditors, would authorize them in sustaining the attachment. These instructions necessarily qualified the third instruction, and, when the entire charge is considered, the law applicable to this issue was fairly presented to the jury.

As to the fifth instruction, all we need to say is that we condemned a similar instruction, and reversed the judgment on account of it, in the *Steinwender* case. What we there said is quite applicable here, and need not be repeated. Under the intimations of the supreme court, in the case of *State ex rel. v. Mason*, 96 Mo. 127, the instruction stated a correct legal proposition, but the law of that case has been upset by the supreme court in the more recent case of *Straus v. Rothan*, 102 Mo. 261.

There is no merit in the other assignments. The evidence objected to was properly admitted.

For the errors in the fifth instruction, the judgment of the common pleas court will be reversed, and the cause remanded. All the judges concurring, it is so ordered.