SPURGIN GROCER COMPANY, Appellant, v. M. S. FRICK, Defendant; D. J. BRADFORD, Interpleader, Respondent.

Kansas City Court of Appeals, January 10, 1898.

1. **Fraudulent Conveyances:** PREFERENCE OF CREDITOR: BONA FIDES. Certain principles relating to a preference of one creditor and his right to secure himself without participation in the fraudulent designs of the debtor are stated in the opinion.

2. **Witnesses:** EXTENT OF PARTY'S LIABILITY THEREFOR: IMPEACHMENT AND CONTRADICTION. A party vouches for the credibility of his witness to the extent that he will not be heard to impeach him, but he is not bound by the statements of such witness and may disprove the same by other witnesses. Instructions set out in the opinion relating to this subject approved.

3. **Fraud:** PROOF OF: CONDUCT CONSISTENT WITH HONESTY: INSTRUCTIONS. Certain instructions relating to the proof of fraud and the consistency of a party's conduct with honesty, though imperfectly drawn, are *held* to be harmless.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

*H. W. Currey* and *Thomas & Hackney* for appellant.

(1)   It is error to instruct the jury that a debtor may prefer one creditor to another, without also instructing that such preference must have been for the sole purpose of securing an honest debt, and not with the intention of hindering, delaying or defrauding creditors.   *Distilling Co. v. Creath*, 45 Mo. App. 169; *Dunham-Buckley & Co. v. Halberg*, 69 Mo. App. 509; *Dry Goods Co. v. Schooley*, 66 Mo. App. 406.   (2) Instruction number 4, given for the interpleader, is erroneous, because Bradford was a party to all the mortgages, and his knowledge alone that such instruments were made to hinder or delay creditors renders them fraudulent.   *Henderson v. Henderson*, 55 Mo. 534; *Daugherty v. Cooper*, 77 Mo. 528; *Potter v. McDowell*, 31 Mo. 62; *Murray v. Cason*, 15 Mo. 267.   (3) Instruction number 5, given for the interpleader, is erroneous because it is a comment on the evidence and credibility of the witnesses, both of which should have been left exclusively to the jury.   *R. R. v. Dawley*, 50 Mo. App. 480; *Lovell v. Davis*, 52 Mo. App. 342; *Mfg. Co. v. Board Bros.*, 60 Mo. App. 662; *State v. Fairlamb*, 121 Mo. 137; *State v. Patrick*, 107 Mo. 147. (4)   The court can not prescribe rules for the jury by which they are to ascertain the credit due to witnesses. *R. R. v. Dowley*, 50 Mo. App. 480; *State v. Anderson*, 19 Mo. 241; *White v. Lowenberg*, 55 Mo. App. 69.   It is reversible error to instruct the jury on matters to which there is no evidence.   *Culbertson v. R. R.*, 50 Mo. App. 556; *Wylie v. Waddell*, 52 Mo. App. 226; *Jones v. Gassman*, 59 Mo. App. 195; *R'y v. R'y*, 118 Mo. 599; *State v. Fairlamb*, 121 Mo. 137; *Fulks v. R. R.*, 111 Mo. 335.   (5)   Instruction number 6 is erro-

neous because it authorizes the jury to find the transaction honest if there is any theory of the testimony that is consistent with honesty of purpose. *Dallam v. Renshaw*, 26 Mo. 533; *Rumbolds v. Parr*, 51 Mo. 592; *Henderson v. Henderson*, 55 Mo. 534; *Ames v. Gilmore*, 59 Mo. 537; *Chapman v. McIlwrath*, 77 Mo. 38; *Deering & Co. v. Collins*, 38 Mo. App. 80; *Gordon v. Ismay*, 55 Mo. App. 323; *Steinwender v. Creath*, 44 Mo. App. 356; *State v. Estell*, 6 Mo. App. 6.

*Frank L. Forlow, A. H. Redding* and *Howard Gray* for respondent.

(1) If all the instructions given, when read together, fairly present the law of the case, the judgment will be affirmed. *Minter Bros. v. Hardware Co.*, 50 Mo. App. 177; *Boler v. Cohen*, 42 Mo. App. 97; *Ridenhour v. R'y*, 102 Mo. 271; *Shortel v. The City of St. Joseph*, 104 Mo. 115. (2) The objection to the fifth instruction is without merit. The instruction undoubtedly states the law. 1 Greenleaf on Evidence [10 Ed.], p. 497, sec. 442; *State v. Burks*, 132 Mo. 362; *Bensburg v. Harris*, 44 Mo. App. 404; *Claffin v. Dodson*, 111 Mo., at page 201, and cases cited. (3) Under the evidence of the interpleader and the appellant the judgment could not be for the appellant. This being the case the judgment should not be reversed. *George v. R'y*, 57 Mo. App. 358; *Jones v. Poundslone*, 102 Mo. 240; *Bushey v. Glenn*, 107 Mo. 331.

GILL, J.—This is a controversy between the above named plaintiff, Spurgin Grocer Company, and D. J. Bradford, interpleader, as to the ownership of a small stock of groceries at Webb City, which was formerly owned by defendant Frick, against whom plaintiff brought attachment and levied on the goods as the property of said Frick. Plaintiff

STATEMENT.

and interpleader were each creditors of Frick. The latter became financially embarrassed, and the interpleader makes claim under a chattel mortgage executed to him January 4, 1896, to secure a debt of $1,078, while plaintiff's right is based on a subsequent attachment of the same goods. The main issue was whether or not interpleader's mortgage was a good faith conveyance or was a mere scheme to defraud Frick's creditors.

The case originated before a justice of the peace; was taken by appeal to the circuit court, in both of which the interpleader was successful, and plaintiff has appealed to this court.

After a careful inspection of the record, as well as a thorough consideration of the briefs of counsel, we fail to discover any prejudicial error, and we must therefore affirm the judgment.

The objections relied upon for reversal relate to the court's instructions. These, although subject to some technical and verbal criticism, yet fairly well declared the law applicable to the case. On the part of the interpleader, the court, in effect, told the jury that said interpleader had the lawful right to acquire a preference out of the common debtor's property, and if he had an honest claim and with a view alone of securing the same, took the chattel mortgage, then he was entitled to the property in controversy. That even if the debtor, with interpleader's knowledge, made the mortgage for the purpose of hindering and delaying other creditors, yet if the interpleader did not participate in said fraudulent purpose, but acted with the sole design of securing an honest debt owing to him, the said interpleader was entitled to his preference. On the other hand, the court gave a number of instructions requested by plaintiff, and which covered every possible phase of the case. The jury was thereby told

that the interpleader had no right to the goods unless he had a *bona fide*, honest debt, and unless, in accepting the chattel mortgage, said interpleader intended only to secure the same and was not engaged in a combination or understanding with the debtor to hinder, delay or defraud some one or all of the other creditors.

At the oral argument, as also in the printed brief, plaintiff's counsel urge an objection to interpleader's fifth instruction; but when the same is read in connection with plaintiff's number 10, we think the former is without substantial fault. We now read the two instructions together: (Interpleader's No. 5) "The court instructs the jury that when a party offers a witness in proof of his cause he thereby represents him to be worthy of belief, and he is presumed to know the character and general reputation of such witness." (Plaintiff's No. 10) "The court instructs the jury that the plaintiff, Spurgin Grocer Company, is not bound by the statement of the witnesses who were by it put upon the witness stand, but it is your duty to find the facts, as in good conscience you believe them to be and exist, without regard to whether they were testified to by the witnesses for the plaintiff or the witnesses for the interpleader."

When it is remembered that in the trial of this case plaintiff called as a witness the mortgagor, for the purpose, doubtless, of extracting some admission or statement tending to prove a fraudulent transaction between himself and the interpleader, the fear of plaintiff's counsel as to the effect following an instruction such as interpleader's number 5, is natural. For if the jury were by said instruction told that plaintiff was bound to abide by every statement made by the debtor mortgagor while on the witness stand, then clearly the instruction would be serious error and in conflict with

*FRAUDULENT conveyances: preference of creditor: bona fides.*

the established law of this state.   The general rule is that a party vouches for the credibility of the witness he calls to the stand to the extent that he will not be heard to impeach him, either by showing said witness to be unworthy of belief because of his bad character, etc., or by proving that the witness had on a former occasion made an inconsistent statement.   But this rule does not apply where the litigant calling the witness has been misled or entrapped by some unfair artifice or "statement to him or someone upon whom the party had a right to rely."   Neither is the party calling a witness bound by his statements, for he may disprove the same by other witnesses.   1 Greenl. Ev., sec. 442; *Meyer Bros. v. McMahan*, 50 Mo. App. 18; *State v. Burks*, 132 Mo. 363, and cases cited.

Now, the interpleader's fifth instruction above quoted is the announcement of the general rule and almost in the exact language as given by Mr. Greenleaf (sec. 442); and considered alone, said instruction was perhaps subject to the objection as merely declaring an abstract proposition, and likely, too, to be misunderstood by the jury.   However, when it is read along with plaintiff's number 10, it would seem that the jury must have been correctly informed as to the true rule hereinbefore stated.

Interpleader's sixth instruction—in effect declaring that fraud must be proved and can not be presumed, and that if the facts proved are consistent with honesty, then honesty should be inferred—though not strictly correct, worked no possible harm to the plaintiff.   This was rather an imperfect effort to invoke the well known principle that when a transaction is as compatible with honesty as dishonesty, then it should be presumed the former and not the latter; or again, if the facts shown are all consistent with an honest pur-

WITNESSES: extent of party's liability therefor: impeachment and contradiction.

pose, then honesty should be inferred. *Steinwender v. Creath*, 44 Mo. App. 356; *Robinson v. Dryden*, 118 Mo. 534, and cases cited.

While now the instruction under review was of rather dubious meaning, yet since the court, in other instructions given at plaintiff's request, clearly and distinctly told the jury that fraud might be "proved and established by facts and circumstances as well as by direct testimony, and said fraudulent combination and purpose may be established by said facts and circumstances even as against direct testimony to the contrary, if in the opinion of the jury such facts and circumstances are more reliable and entitled to more weight than the direct testimony to the contrary;" and further, since the court advised the jury "that it is not necessary to establish fraud by direct or positive evidence, but fraud may be proved or inferred from the facts and circumstances attending the transaction," etc., we think the error, if error there was in giving interpleader's sixth instruction, was entirely harmless.

*FRAUD: proof of: conduct consistent with honesty: instructions.*

Without further discussion, then, we find, on an examination of the entire record, that the parties have had a fair and impartial trial; that the instructions, when all considered together as one charge, fairly and legally presented the substantial issues involved; and moreover, since it appears that the judgment is for the right party, the same will be affirmed.    All concur.